**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SHATAURA VOGT,

Plaintiff,

v.

SECURITY USA, INC. and JOHN ANDREW MCCABE,

Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

25-cv-3383 (GRB) (LGD)

**LEE G. DUNST, Magistrate Judge:**

Defendants Security USA, Inc. ("Security USA") and John Andrew McCabe ("McCabe") (collectively, "Defendants") filed a Motion to Dismiss (the "Motion") Plaintiff Shataura Vogt's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the Complaint, *pro se* Plaintiff asserts claims for discrimination under (1) Title VII of the Civil Rights Act of 1964 ("Title VII"); 42 U.S.C. § 2000e *et seq.*, (2) the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; and (3) the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. On September 15, 2025, District Judge Gary R. Brown referred all pretrial dispositive motions to the undersigned for a Report and Recommendation. *See* Electronic Order, dated September 15, 2025.

For the reasons below, the Court recommends that Plaintiff's Complaint be dismissed without prejudice in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, Mr. McCabe—Plaintiff's co-worker at Security USA—made "inappropriate contact" with her, sent her "unwanted texts," and engaged in "stalking

behavior" from June to October 2024.[1] *See* ECF No. 1 at 4-5. Plaintiff alleges that she reported McCabe's behavior "to supervisors and HR multiple times between July and October" of 2024, but that Security USA failed to act. *See id.* at 5. She alleges that McCabe's behavior was gender-based and racial in tone and Security USA's failure to address her complaints was in part due to her race. *See id.* Plaintiff claims that she worked in fear of McCabe, exacerbated by her depression and an unrelated domestic violence dispute. *See id.*; *see also* ECF No. 14 at 5-6.

Prior to the instant lawsuit, Plaintiff filed a Complaint with the United States Equal Employment Opportunity Commission ("EEOC"). *See* ECF No. 1 at 9. On March 13, 2025, Plaintiff received a Notice of Right to Sue Letter from the EEOC informing her that the EEOC was "terminating its processing of [her] charge." *Id.* Furthermore, the letter explained, in bold, that Plaintiff must file a lawsuit against Defendants in federal or state court "WITHIN 90 DAYS of [her] receipt of this notice," or June 11, 2025. *See id.* Otherwise, she would lose her right to sue. *See id.*

Plaintiff alleges that she relied on conflicting information from an EEOC investigator, Silvia Deng-Batista, who allegedly stated in a phone call with Plaintiff that she could file her lawsuit up to June 13, 2025. *See* ECF No. 37 at 1, 6. Accordingly, Plaintiff commenced this action *pro se* on June 13, 2025, ninety-two days after she received the Right to Sue Letter. *See* ECF No. 1 at 1.[2] Defendants moved to dismiss the Complaint on April 24, 2026. *See* ECF No. 36.

---

[1] These facts are taken from Plaintiff's Complaint, and documents filed in opposition of the Motion that Plaintiff relied upon when bringing the suit. The facts of the Complaint are assumed to be true for the purposes of this Motion. *See In re Lehman Bros. Securities and Erisa Litigation*, 799 F. Supp. 2d 258, 272 ("In deciding a motion to dismiss, court ordinarily accepts as true all well pleaded factual allegations . . .").

[2] Plaintiff originally sought to amend her complaint but later withdrew her request on April 17, 2026. *See* ECF No. 35.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff has a plausible claim when they plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must "[construe] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Khan v. Equifax Information Services, LLC*, No. 18-CV-6367, 2019 WL 2492762 at *1 (E.D.N.Y. June 14, 2019) (internal citations omitted).

*Pro se* pleadings are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* plaintiffs are not exempted from the burden of pleading facts sufficient to state a claim. *See Lewis v. City of New York*, 762 F. Supp. 3d 290, 300-01 (S.D.N.Y. 2025) (holding that "even pro se plaintiffs cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief' above the speculative level'"). Thus, "a formulaic recitation of the elements of a cause of action will not . . . suffice as a viable complaint there are allegations asserted that are "devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## III. DISCUSSION

### A. Plaintiff's Title VII Claims Should Be Dismissed

1. Plaintiff's Claims are Untimely

Pursuant to 42 U.S.C. § 2000e-5(f)(1), a claimant has 90 days after receiving a Right to Sue Letter from the EEOC to file a Title VII claim. *See* 42 U.S.C. § 2000e-5(f)(1); *Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 525 (2d. Cir. 1996). Courts are disinclined to extend the statute of limitations, even by a single day, absent exceptional circumstances. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984); *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d. Cir. 2010).

Here, Plaintiff received a Right to Sue letter from the EEOC on March 13, 2025. *See* ECF No. 1 at 9; ECF No. 37 at 15. Plaintiff filed her claim on June 13, 2025, ninety-two days after the reception of the letter. *See* ECF No. 1 at 1. Thus, Plaintiff's claims are time-barred, as she filed her claims two days past the deadline. *See Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 525 (2d. Cir. 1996).

2. Plaintiff's Untimeliness Cannot Be Equitably Tolled

Plaintiff requests that the Court toll the 90-day filing deadline and excuse the untimeliness of her lawsuit. *See* ECF No. 14 at 1–2. Plaintiff cites various equitable considerations, including her reliance on purportedly conflicting information from an EEOC investigator regarding the proper filing deadline, Plaintiff's depression, and emotional distress from an unrelated domestic dispute. *See id.*

In the Second Circuit, "[t]he filing requirement . . . is not absolute and is subject to equitable tolling." *Sauveur v. Federation of Organization*, 1999 WL 2994449, at *3 (E.D.N.Y. July 19, 2019) (quoting *Perez v. Harbor Freight Tools*, 698 F. App'x 627, 628 (2d. Cir. 2017)).

"As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Williams*, 593 F.3d 226 at 231 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). However, "Title VII time limitations must be strictly construed," and therefore, "this Court's power to toll the limitations period is not absolute." *Smith v. Henderson*, 137 F. Supp. 2d 313, 317 (S.D.N.Y. 2001); *see also Irwin v Department of Veterans Affairs*, 498 U.S. 89, 94–96 (1990) (declining to equitably toll the limitations period for what was "at best a garden variety claim of excusable neglect"). Equitable tolling should be applied "only in the rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Baroor v. N.Y.C. Dep't of Educ.*, 362 Fed. Appx. 157, 159 (2d. Cir. 2010) (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth*., 333 F.3d 74, 80 (2d. Cir. 2003)); *see also Farrell v. Smithtown Union Free Sch. Dist.*, No. 20-CV-0450, 2022 WL 687124, at *6 (E.D.N.Y. Jan. 12, 2022) (citing *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d. Cir. 2007) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (declining to toll the limitations period where the plaintiff failed to allege how the defendant prevented the plaintiff from exercising his rights or that he was diligently pursuing them in the first place)). Such circumstances with regards to 42 U.S.C. § 2000e-5(f)(1) occur "only when: (1) the complainant was not adequately informed of the ninety-day limitation by the EEOC; (2) a motion for appointment for counsel is pending; or (3) the complainant was led to believe that all prerequisites were satisfied." *Henderson*, 137 F. Supp. 2d at 318.

Here, the issue turns on whether Plaintiff was adequately informed of the 90-day limitation. Plaintiff asserts that the limitations period should be equitably tolled because she detrimentally relied on conflicting deadline information from EEOC investigator Silvia Deng-

Batista. *See* ECF No. 37 at 1. Ms. Deng-Batista allegedly informed Plaintiff that June 13, 2025, rather than June 11, 2025, was the last day she could file her claim. *See id*. Plaintiff claims that her reliance on the mistaken information caused her delay in filing until June 13, 2025. *See id*. Where a plaintiff relies on conflicting information regarding filing deadlines, "[t]he Second Circuit has held that equitable tolling is appropriate only when the government deliberately misled the plaintiff to rely to his detriment." *Henderson*, 137 F. Supp. 2d 313 at 318.

There is no allegation that Deng-Batista's alleged misstatements were deliberate. Plaintiff has not provided transcripts of her calls, nor any other evidence suggesting that Ms. Deng-Batista had intentionally provided Plaintiff with an incorrect filing deadline. *See generally* ECF No. 37. Plaintiff's Right to Sue Letter from the EEOC also stated in bold: "your lawsuit must be filed WITHIN 90 days of your receipt of this notice." ECF No. 1 at 9. Even if Plaintiff received conflicted information from Ms. Deng-Batista, Plaintiff had clear written instructions informing her of the 90-day filing deadline. *See Henderson*, 137 F. Supp. 2d 313 at 318–19 (refusing to toll the limitations period where the plaintiff untimely filed after relying on deadline misinformation by an EEOC official because she received a letter explicitly mandating a 90-day window); *Spira v. Ethical Culture Sch.*, 888 F. Supp. 601, 602 (S.D.N.Y. 1995) (declining to toll the limitations period where an EEOC official erroneously told the plaintiff that the 90-day period was counted through business days rather than calendar days). Because Plaintiff received clear written instructions regarding her deadline to file this lawsuit, she was adequately informed of the mandatory time frame in which to bring the lawsuit.

Plaintiff also asserts that her depression and emotional distress—caused in part by an unrelated domestic dispute—prevented her from timely filing this lawsuit. *See* ECF No. 37 at 1, 6. Plaintiff's argument is unavailing. "A plaintiff seeking to toll the statute of limitations on

equitable grounds such as illness bears the burden to show that the limitations period should be extended." *Braham v. State Ins. Fund*, No. 97-CV-7121, 1999 WL 14011, at *3 (S.D.N.Y. Jan. 14, 1999); *see also Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 169 (S.D.N.Y. 2000) (declining to extend the limitations period because of the "mere fact that [the plaintiff] suffered with physical and mental ailments). Plaintiff must connect how the claimed mental or emotional ailments adversely affected her ability to pursue her rights diligently. *See Boos v. Runyon*, 201 F.3d 178, 184–85 (2d. Cir. 2000). In *Boos*, the Court rejected a Title VII action tolling argument where a plaintiff only proffered vague descriptions of suffering from "paranoia, panic attacks, and depression," which amounted to conclusory allegations that those ailments affected her ability to seek counsel. Likewise, Plaintiff summarily alleges that she received mental-health treatment for depression and was also under emotional distress (caused by an unrelated domestic dispute) but does not connect either allegation to her inability to timely file. *See generally* ECF Nos. 1, 37.

Accordingly, the undersigned finds that Plaintiff has not sufficiently alleged extraordinary circumstances warranting an equitable tolling of the limitations period.

## IV. CONCLUSION

For the above reasons, the undersigned recommends that Plaintiff's Title VII, NYSHRL, and NYCHRL claims be dismissed without prejudice.[3]

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* FED.

---

[3] *See Ighile v. Kingsboro ATC*, No. 08-CV-450, 2012 WL 12860130, at *3 (E.D.N.Y. Sept. 10, 2012) (declining to exercise supplemental jurisdiction over NYCHRL claims as the District Court has the discretion to do so if it has already dismissed all federal claims pursuant to 28 U.S.C. § 1367(c)(3), noting that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))).

R. CIV. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Brown. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154–55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
July 15, 2026

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge